UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MURRAY ARCHITECTS, INC.** | \* | **CIVIL ACTION NO. 11-150** |
| **Plaintiff** | \* | |
| | \* | **SECTION: H** |
| | \* | **JUDGE JANE TRICHE MILAZZO** |
| **VERSUS** | \* | |
| | \* | |
| | \* | **MAGISTRATE: 3** |
| **SCOTTSDALE INSURANCE COMPANY** | \* | **MAG. DANIEL KNOWLES, III** |
| **Defendant** | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The matter before the Court is a Motion for Summary Judgment filed by Defendant, Scottsdale Insurance Company [hereinafter "Scottsdale"] (Doc. 8). The Plaintiff, Murray Architects, Inc. [hereinafter "Murray"], has opposed Scottsdale's Motion (Doc. 11) and Scottsdale, in turn, responded to that opposition (Doc. 15). The previous Court denied Murray's Motion for Leave to File a Sur Reply Memorandum (Doc. 17). Jurisdiction is based on 28 U.S.C. §1332.

**BACKGROUND**

Facts and Procedural History

This Court notes that the material facts as submitted by Scottsdale (Doc. 8: Ex. 1) are not

in dispute by Murray (Doc. 11, p. 1).

Murray Architects is a corporation that provides architectural services (Doc. 1). On November 3, 1998, LaPlace Travel Center, LLC [hereinafter "LTC"] hired Murray to design and construct a building for LTC's planned travel center (Doc. 8, Ex. 1-2).

Scottsdale issued policy number ARS0000170 to Murray, which affords professional liability insurance on a claims-made and reported basis for the period of November 19, 2008 to November 19, 2009 (Doc. 8: Ex. 4, p. 1). Scottsdale issued a policy, number ARS0000177, to Murray for the subsequent one-year period, effective from November 19, 2009 through November 19, 2010 (Doc. 8, Ex: 5). Due to the fact that Scottsdale issued a policy to Murray for the subsequent one-year period, the Extended Reporting provisions of the 2008-2009 Policy, policy no. ARS0000170, granted Murray an additional sixty (60) days within which to report a claim under that policy. Thus, Murray could report claims under policy number ARS0000170 until January 19, 2010 (Doc 8: Ex. 1, ¶8).

On April 8, 2009, LTC made a Demand for Arbitration [hereinafter "Arbitration Demand"] against Murray (Doc 8: Ex. 2). LTC's Arbitration Demand arose out of a November 3, 1998 contract between Murray and LTC wherein Murray agreed to provide design and construction services. LTC claimed that Murray's negligence caused them to suffer damages after substantial completion of the planned travel center as a result of earth settlement and movement below the building (Doc 8: Ex. 2). Murray was notified of the Arbitration Demand via letter dated April 8, 2009 by Counsel for LTC (Doc 8: Ex. 1, ¶6).

Murray notified Scottsdale of the Arbitration Demand on November 3, 2010 via a letter

from Murray's counsel (Doc. 8: Ex. 6). The November 3, 2010 letter was Scottsdale's first notice of the Arbitration Demand (Doc 8: Ex. 1, ¶12). The letter demanded both a defense and indemnity on behalf of Murray in relation to LTC's Arbitration Demand (Doc. 8: Ex. 6). Additionally, it notified Scottsdale that an Arbitration hearing was set to begin on March 24, 2011 (Doc. 8: Ex. 6).

In response to Murray's letter, Scottsdale sent a letter to Murray's counsel on November 16, 2010 (Doc. 8: Ex. 7). This letter advised Murray's counsel that coverage was not available based upon Murray's failure to comply with the reporting requirements as set forth in policy number ARS0000170 and that policy number ARS0000177 was not applicable as the claim was made against Murray within the time frame of the previous policy(Doc. 8: Ex. 7).

Murray subsequently responded via letter (the letter was inadvertently dated November 3, 2010) received by Scottsdale on December 2, 2010 (Doc. 8: Ex. 8). The letter noted that they understood Scottsdale's position to be that there is no coverage under the referenced policies due to "late notice." The letter went on to state that Louisiana courts have refused to regard late notice as a defense to a claim for coverage unless the insurer can prove prejudice by virtue of the late notice. Murray's counsel concluded that if they had not heard from Scottsdale by December 15, 2010 they would proceed with the filing of a formal declaratory judgment action (Doc. 8: Ex. 8).

Scottsdale, via Counsel, responded in writing on January 14, 2011. The letter advised that in light of the facts of this case and the relevant case law, the LTC Arbitration Demand did not fall within the scope of coverage of the Scottsdale policies issued to Murray (Doc. 8: Ex. 9).

On January 24, 2011 Murray filed its Complaint for Declaratory Relief (Doc. 1). Murray asserted that Scottsdale is obliged to indemnify Murray for any damages which might be awarded to LTC in the arbitration proceeding and that Scottsdale is obliged to reimburse Murray for all attorneys' fees and costs associated with the defense of the claims asserted by LTC (Doc. 1).

On February 28, 2011 Scottsdale filed its Answer and Counterclaim to Murray's Complaint (Doc. 4). Scottsdale additionally sought declaratory judgment and stated that it had no duty to defend any part in connection with LTC's Demand for Arbitration or pay any sums that Murray may be legally obligated to pay LTC based on Murray's failure and/or refusal to comply with the terms of the Scottsdale Policy (Doc. 4).

Contentions of the Parties

In its Motion for Summary Judgment, Scottsdale argues that they are entitled to judgment as a matter of law because the undisputed facts demonstrate that the applicable Scottsdale policy, policy number AS0000170, is a claims-made and reported policy and that the claim for which Murray seeks coverage was made during the policy period, but not timely reported (Doc 8: Ex. 14, p. 1). According to Scottsdale, Murray had to report the claim during the policy that covered November 19, 2008 to November 19, 2009, policy number AS0000170, because Murray was notified within that policy period (on April 8, 2009). Scottsdale further notes that reporting in the later policy period (on November 3, 2010), covered by policy ARS0000177, is ineffective for coverage because the claim was not made and reported within the same coverage period.

Scottsdale asserts that the applicable policy's language is clear and unambiguous (Doc. 8:

Ex. 14, p. 5). Thus, when construing the entirety of the terms and conditions as set forth in the policy, a claim must first be made against the insured during the policy period and then the insured must then timely report the claim to the insurer in accordance with the policy terms (Doc. 8: Ex. 14, p. 5).

Ultimately, Scottsdale notes that a claim was made against Murray on April 8, 2009 and Murray was aware of that claim (Doc. 8: Ex. 14, p. 7). Because this is a claims-made and reported policy, the date the alleged damage took place is irrelevant (Doc. 8: Ex. 14, p. 7). What is relevant is whether a claim was made against the insured and, if so, whether the insured timely reported the claim to Scottsdale (Doc. 8: Ex. 14, p. 7). Murray did not report LTC's claim before Scottsdale's policy expired - the policy expired on November 19, 2009 and the notice was provided to Scottsdale on November 3, 2010 (Doc. 8: Ex. 14, p. 8). Additionally, Murray did not report a claim within the sixty day extended reporting period (Doc. 8: Ex. 14, p. 9).

Scottsdale supports its assertions by citing the Louisiana Supreme Court in *Hood v. Cotter*. They observe that in that case, the Louisiana Supreme Court refused to extend coverage to claims that fell outside the provisions of a claims-made and reported policy (Doc. 8: Ex. 14, p. 9). Additionally, Scottsdale notes the Louisiana Supreme Court decision in *Livingston Parish School Board v. Fireman's Fund American Insurance Company* and the Louisiana First Circuit decision in *Poirer v. National Union Fire Insurance Company*, which followed the rationale of *Livingston* and *Hood*. (Doc. 8: Ex. 14, p. 10).

In Murray's response to Scottsdale's Motion for Summary Judgment, Murray stated that

they do not take issue with the recitation of the uncontested facts submitted by Scottsdale (Doc. 11, p. 1).  Murray does, however, argue that the cases cited by Scottsdale are inopposite to the case at hand (Doc. 11, p. 3).  They assert that the *Hood* case is dissimilar as the claims for malpractice were not made until after the policy had expired.  Additionally Murray states that *Livingston Parish School Board* and *Poirer* represent the proposition that claims made policies are not contrary to public policy, and that Murray does not take issue with the fact that a claims made policy is not contrary to public policy (Doc. 11, p. 3).

Instead, Murray argues that the closest case to the one at hand is *Anderson v. Ichinose* (Doc. 11, p. 4).  Murray submits that, based on *Anderson*, Louisiana law treats only the claim against the insured within the policy period as a condition precedent to coverage and not, as argued by Scottsdale, notification to the insurer (Doc. 11, p. 7).  Additionally, Murray pointed out that the standard in Louisiana is different than that of the United States Fifth Circuit, however since Louisiana law will control the applicable standard is that notice to insurers is clearly not a condition precedent to coverage under a claims made policy (Doc. 11, p.5-6).

Murray further states that while Scottsdale argues that notice must be given during the policy period, the policy does not state the applicable time for giving notice (Doc. 11, p. 8).

In Scottsdale's Reply Memorandum in Support of its Motion for Summary Judgment they first argue that the notice requirements in Scottsdale's policy are unambiguous (Doc 15, p. 2).  In support they refer the Court to the specific language in the policy governing notice (Doc. 15, p. 2).  Secondly, they argue that the cases cited in Murray's opposition do not apply to the case at hand

(Doc. 15, p. 2). They state that the *Anderson* case did not involve a claims-made and reported policy like the policy issued by Scottsdale and the subject of this case. Scottsdale concludes that the Louisiana Supreme Court has distinguished a claims-made policy from a claims-made and reported policy and that this distinction cannot be ignored (Doc. 15, p. 3).

**LAW AND DISCUSSION**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District,* 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In a diversity action, Louisiana substantive law will apply. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "Questions of Louisiana law are resolved 'the way the Louisiana Supreme Court would interpret the statute based on precedent, legislation, and relevant commentary.'" *Molden v. Georgia Gulf Corp.*, 465 F.Supp.2d 606, 610 (M.D.La. 2006) (quoting *Occidental Chemical Corp. v. Elliott Turbomachinery Co., Inc.*, 84 F.3d 172, 175 (5th Cir. 1996)).

Louisiana Courts have consistently stated that the "[i]nterpretation of an insurance policy usually involves a legal question which can be properly resolved by a motion for summary judgment. *Cutsinger v. Redfern*, 08-2607, p. 4 (La. 5/22/09); 12 So.3d 945, 949 (citing *Bonin v. Westport Ins. Corp.,* 05-886, p. 4 (La. 5/17/06); 930 So.2d 906, 910). Moreover, it is undisputed that there are no questions of material fact (Doc. 15, p. 1; see also Doc. 8: Ex. 1). As such, any interpretive issues remaining involve purely legal determinations for the Court thereby making this matter ripe for summary Judgment.

It is undisputed that the applicable Scottsdale policy is a **claims made and reported policy** (Doc. 8: Ex. 4, p. 1 and Doc. 8:Ex. 1, ¶3). Louisiana law notes that pure claims-made and claims-made and reported policies are distinguishable. Thus, "pure claims-made policies shift to the insured only the risk of claims incurred but not made, whereas claims-made-and-reported policies shift the risks both of claims incurred but not made and of claims made but not reported. The purpose of a claims-made-and-reported policy is to alleviate problems in determining when a claim was made or whether an insured should have known a claim was going to be made." *Regions Bank v. Kountz*, 931 So.2d 506, 510-511, 2005-1105 (La.App. 3 Cir., 2006), *citing Anderson v. Ichinose*, 98-

2157 (La. 9/8/99), 760 So.2d 302.

Moreover, "the plain intent of the language in this policy is to restrict ... liability to those claims discovered and reported during the policy period." *Poirier v. National Union Fire Insurance Company*, 517 So.2d 225, 227 (La. App. 1st Cir. 1987). The Louisiana Supreme Court has held that where a policy unambiguously and clearly limits coverage to acts discovered and reported during the policy term, such limitation of liability is not per se impermissible. *Livingston Parish School Bd. v. Fireman's Fund Am. Ins. Co.* 282 So.2d 478, 481 (LA 1973) *citing J. M. Brown Const. Co. v. D & M Mechanical Contr., Inc.*, 222 So.2d 93 (La.App.1st Cir. 1969); *see also Home Ins. Co. v. A. J. Warehouse, Inc.,* 210 So.2d 544 (La.App.4th Cir. 1968), syllabus 6.

This Court finds that the terms of the applicable Scottsdale policy, policy number ARS0000170, are clear. In pertinent part, it states as follows:

> WE [Scottsdale] will pay damages which YOU [Murray] become legally obligated to pay and claim expense, as a result of claim(s) first made against YOU [Murray] and reported to US [Scottsdale] in writing during the policy period or Extended Reporting Period, if applicable. (Doc. 8: Ex. 4, p. 1).

The term claim is defined within the policy as follows:

> An oral or written demand for monetary damages from any party whose intent it is to hold you responsible for any wrongful act ... in performing professional services... YOU [Murray] must tell US [Scottsdale] of such claim(s) or circumstances in writing during the policy period or extended reporting period. Demand includes, but is not limited to, service of suit, institution of arbitration proceedings, or mediation. (Doc. 8: Ex. 4, p. 2).

The policy also provides specifications regarding Notification by the insured, Murray, to the insurer, Scottsdale. The policy states, in pertinent part:

> If during the policy period or the Extended Reporting Period: (a) YOU [Murray] receive

> written or oral notice from any party that it is the intention of such party to hold YOU [Murray] responsible for any wrongful act(s) ... then: YOU [Murray] will tell us in writing as soon as practicable, but no later than the end of the policy period or Extended Reporting Period, if applicable. (Doc. 8: Ex. 4, p. 6).

Despite what Murray alleges, this Court finds the Notification provisions to be clear and unambiguous.

Additionally, the policy provides for the insured's duties in the event of a claim or suit, and states as follows:

> 1. In the event of a claim, the NAMED INSURED [Murray] must give US [Scottsdale] written notice of: (a) the specific wrongful act; and (b) the injury or damage which has or may result from the wrongful act or pollution incident; and (c) the names and addresses of the claimants or potential claimants; and (d) the circumstances by which YOU [Murray] first become aware of such wrongful act.
> 2. If claim is made or suit is brought against YOU [Murray], YOU [Murray] will immediately forward to US [Scottsdale] every demand notice, summons or other process received by YOU [Murray] or YOUR representative. (doc. 8: Ex. 4, p. 7).

"Insurers have the same rights as do individuals to limit their liability and to enforce whatever conditions they please upon their obligations. In such an event, unambiguous provisions in the insurance contract limiting liability must be given effect." *Oceanonics, Inc. v. Petroleum Distributing Company*, 280 So.2d 874, 878 (La.App. 3rd Cir.1973). This Court finds that the Scottsdale policy unambiguously requires a claim to be both made and reported to Scottsdale during the respective policy period in order for coverage to be granted.

In this case a Demand for Arbitration was made against Murray by LTC on April 8, 2009 (Doc 8: Ex. 1, ¶2). This Court finds that the Arbitration Demand clearly falls under a "Claim" as defined in the Murray-Scottsdale insurance policy, policy number AS0000170 (Doc 8: Ex: 4, p. 2). Policy

number AS0000170 was effective from November 19, 2008 through November 19, 2009. (Doc 8: Ex. 1, ¶4 & ¶7). Thus, Murray was insured by Scottsdale at the time of the April 8, 2009 Claim under policy number AS0000170 - a claims-made and reported policy.

Under the clear terms of the policy, in order for coverage to be provided by Scottsdale under policy number AS0000170 the LTC Claim must have been reported to Scottsdale before November 19, 2009 or the Extended Reporting Deadline, if applicable (Doc. 8: Ex. 4, p. 1). An Extended Reporting Period was applicable, as Scottsdale issued a policy to Murray for the subsequent one year period (policy number AS0000177). Thus, Murray had until January 19, 2010 to report the LTC Claim made during the AS0000170 policy period (Doc. 8: Ex. 1, ¶8). Murray, however, reported the claim on November 3, 2010 to Scottsdale (Doc. 8: Ex. 1, ¶10).

The facts in this case are undisputed and are clear from the pleadings, memoranda and insurance policy. The policy period was from November 19, 2008 through November 19, 2009 with an Extended Reporting Provision applicable through January 19, 2010. In that policy Scottsdale agreed to pay for any claim made against Murray and reported by Murray to Scottsdale during the Policy Period and Extended Reporting Period. It is uncontested that Murray learned of the Arbitration Demand on April 8, 2009. It is also uncontested that Murray failed to notify Scottsdale of the Arbitration Demand until November 3, 2010, approximately 10 months after the Extended Reporting Provisions of the policy had expired.

Ultimately, this Court finds that the Scottsdale claims-made and reported policy does not provide coverage for Murray's claim.

**CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment, filed by Scottsdale Insurance Company (Doc. 8) is hereby GRANTED and judgment shall be entered in favor of Defendant, dismissing this action.

New Orleans, Louisiana on this 22nd day of November, 2011.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**